LOUIS MOOREY, PLAINTIFF, v. JOHN BLACK, DEFENDANT.

Decided February 20, 1923.

For the plaintiff, *Richard W. Baker.*

For the defendant, *Frederic R. Brace.*

PER CURIAM.

The rule allowed in this case by the trial judge requires the defendant to show cause why the verdict should not be set aside as to the amount of damages awarded and a new trial granted, limited to the question of damages only.

The learned trial judge was probably influenced by the language of rule 132. Rule 132 applies only to cases when a new trial is ordered because the damages are excessive or inadequate; it does not apply to the mere allowance of a rule as in this case. The trial judge, even a justice of the Supreme Court, sitting at *nisi prius,* does not assume to limit the action of the court in dealing with the rule. Our power cannot thus be limited by any inferior tribunal. Whether it is wise or not in case the rule is made absolute to limit the power of this court to this single phase of the verdict is not

important. It is enough to say that the legislature has not conferred the power upon any single judge unless in the infrequent cases where he sits for the court. Technically, perhaps, the rule should be dismissed, but under the circumstances we have considered the amount of the damages awarded by the jury.

We think the damages in this case were small in view of the extent of the injury, but we cannot say that they were so small as to justify us in setting aside the verdict. Let the rule be discharged.